UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| SALLIE POWELL, )<br>)<br>    Plaintiff, )<br>vs. )<br>)<br>HOSPITAL HOUSEKEEPING )<br>SYSTEMS, LLC )<br>)<br>    Defendant. )<br>_____ ) | Case No. _____ |

## NOTICE OF REMOVAL

Defendant, HOSPITAL HOUSEKEEPING SYSTEMS, LLC ("HHS" or "Defendant"), notifies the Court, pursuant to 28 U.S.C. §§ 1441 and 1446(a), of the removal of the action styled *Sallie Powell v. Hospital Housekeeping Systems, LLC,* Case No. 2018-CA-001207, filed in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida (the "State Court Action") to the United States District Court for the Northern District of Florida.

Defendant removes this case on the grounds of the Court's original federal question jurisdiction, as Plaintiff asserts claims under the statutory laws of the United States, 28 U.S.C. § 1331, 1441(b). Defendant states as follows:

1.   Plaintiff filed the State Court Action on May 30, 2018. Plaintiff originally filed a two-count Complaint alleging age and disability discrimination under Chapter 760, Florida Statutes. However, Plaintiff failed to comply with the

administrative remedies as required by the Florida Civil Rights Act, and Plaintiff consented to the Court's granting of Defendant's Motion for Summary Judgment on those claims.

2. On February 4, 2019, Plaintiff attempted to file an Amended Complaint without leave of Court. The Amended Complaint attempted to change Plaintiff's claims from violations of Florida's Civil Rights Act to violations of federal law. However, because Plaintiff filed the Amended Complaint without leave of court, the Amended Complaint was a legal nullity.

3. On June 11, 2019, Plaintiff filed a Motion for Leave to File Amended Complaint and Memorandum of Law (the "Motion for Leave"). Defendant opposed the Motion for Leave because by the time the Motion for Leave was filed, Plaintiff's federal claims were also time-barred.

4. After more than a year of litigating the Motion for Leave, on July 31, 2020, the State Court entered an order granting Plaintiff's Motion for Leave such that Plaintiff was, for the first time, asserting federal claims against Defendant.

5. "[A] proposed amended complaint asserting a new federal claim is not sufficient [for removal] because until the state court grants leave to file ... there is not a federal claim actually pending-and thus no original jurisdiction in the federal courts." *White v. PDB State Farm Mut. Auto. Ins. Co.*, No. 3:13-CV-

765-J-99TJC, 2013 WL 6061890, at *4 (M.D. Fla. Nov. 18, 2013)(quoting *Donnelly v. Parkland,* No. 12–60015–Civ, 2012 WL 253212, at *1 (S.D.Fla. Jan.26, 2012)).

6. Similarly, this Court has found that "if a case as initially filed is not removable because it asserts only state law claims, the majority of courts have required a motion to amend the pleading be granted prior to removal. *Glass v. City of Chattahoochee,* No. 4:16CV124-WS/CAS, 2016 WL 3128370, at *4 (N.D. Fla. May 6, 2016), report and recommendation adopted, No. 4:16CV124-WS/CAS, 2016 WL 3129218 (N.D. Fla. June 2, 2016)(internal citations omitted); *see also Marzella v. Sprint-Fla., Inc.*, No. 205CV443FTM99DNF, 2006 WL 5042031, at *1 (M.D. Fla. May 26, 2006)(A cause of action "arises under" federal law pursuant to § 1331 only when plaintiff's well-pleaded complaint raises issues of federal law. An amended complaint is not a "well-pleaded complaint" until a pending motion for leave to amend is granted.)

7. Accordingly, Defendant first received a copy a well-pleaded amended complaint raising federal questions, and removal first became appropriate, on July 31, 2020.

8. In the State Court Action, Plaintiff's Amended Complaint now asserts claims under the statutory laws of the United States. Specifically, Plaintiff asserts

3

claims under 42 U.S.C. § 12101 and 29 U.S.C. §621, *et. seq*. As such, this is an action arising under the laws of the United States, over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331. This case is, accordingly, one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a).

9. This action may be removed to the United States District Court for the Northern District of Florida, Tallahassee Division, because the action is pending in Leon County, Florida, which is within the jurisdiction of the Tallahassee Division. 28 U.S.C. §§ 89(a), 1446(a).

10. In accordance with 28 U.S.C. § 1446(a) and Local Rule 7.2, Defendant will promptly file a copy of all process, pleadings, and orders served in the State Court Action.

11. Defendant will give prompt written notice of the filing of this Notice to Plaintiff and will file a copy of this Notice with the Clerk of the state court pursuant to 28 U.S.C. § 1446(d).

12. Defendant, therefore, removes the State Court Action to this Court, and requests that the Court issue any orders necessary to stay proceedings in the State Court Action and assume jurisdiction over this action for all purposes.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 11, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

I FURTHER CERTIFY that on August 11, 2020, a copy of the foregoing was furnished by email transmission to:

Marie A. Mattox, Esq.
Katherine L. Viker, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, FL  32301
Email:  Marie@mattoxlaw.com; Katherine@mattoxlaw.com
Secondary:  Michelle2@mattoxlaw.com; marlene@mattoxlaw.com; jervonie@mattoxlaw.com
Attorneys for Sallie Powell

/s/David W. Adams
DAVID W. ADAMS
Florida Bar No. 892416
ZACHARY J. GLASER
Florida Bar No. 0048059
Bennett, Jacobs & Adams, P.A.
Post Office Box 3300
Tampa, Florida 33601
Telephone:  (813) 272-1400
Facsimile:  (866) 844-4703
Email:  dadams@bja-law.com; zglaser@bja-law.com
Secondary:  sbrant@bja-law.com
Attorneys for Hospital Housekeeping Systems, LLC